**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>Wardie Lee Murden<br>    Debtor<br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST<br><br>    Movant<br>v.<br>Wardie Lee Murden<br>    Debtor/Respondent<br>Charles Murden<br>    Co- Debtor/Respondent<br>Kenneth E. West, Esquire<br>    Trustee/Respondent | Bankruptcy No. 25-11344-djb<br><br>Chapter 13<br><br>Hearing Date: February 26, 2026<br>Hearing Time: 11:00 A.M.<br>Hearing Location: 900 Market Street, Suite 201 Philadelphia, PA 19107<br>Courtroom Number #2 |

**MOTION OF U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST FOR RELIEF FROM THE AUTOMATIC STAY AND CO-DEBTOR STAY TO PERMIT U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST'S FORECLOSURE OF 6348 NORTH 18th STREET, PHILADELPHIA, PENNSYLVANIA 19141**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST ("Movant"), by and through the undersigned counsel, hereby moves this Court, pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the United States Bankruptcy Code ("Code") for a modification of the automatic stay provisions of the Code for cause, and, in support thereof, states

the following:

1. Wardie Lee Murden ("Debtor"), filed a Voluntary Petition pursuant to Chapter 13 of the United States Bankruptcy Code ("Code") on April 4, 2025.

2. Jurisdiction of this cause is granted to the United States Bankruptcy Court ("Court") pursuant to 28 U.S.C. § 1334, 11 U.S.C. § 362(d), Fed. R. Banks. P. 4001(a), and all other applicable rules and statutes affecting the jurisdiction of the Bankruptcy Courts generally.

3. On December 19, 2007, Wardie L. Murden executed and delivered a Promissory Note ("Note") and Charles Murden and Wardie L. Murden executed a Mortgage ("Mortgage") securing payment of the Note in the amount of $107,843.00 in favor of Premium Capital Funding, LLC D/B/A Topdot Mortgage, A New York Limited Liability Company. A true and correct copy of the Note is attached hereto as Exhibit "A".

4. The Mortgage was recorded January 15, 2008 in Document 51839870 of the Public Records of Philadelphia County, Pennsylvania. A true and correct copy of the Mortgage is attached hereto as Exhibit "B".

5. The Mortgage was secured as a lien against the real property located at 6348 North 18th Street, Philadelphia, Pennsylvania 19141, (the "Property").

6. The parties entered into a Loan Modification ("Agreement") on April 26, 2021, creating a new principal balance of $112,842.84. A true and correct copy of the Agreement is attached hereto as Exhibit "C".

7. The loan was last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST and same recorded

with the Philadelphia County Recorder of Deeds on June 11, 2025, at Instrument Number 54433034. A true and correct copy of the

25-11344-djb
25-303563
MFR

Assignment of Mortgage is attached hereto as Exhibit "D".

8. Secured Creditor is the holder of the note ("noteholder"), and is either the original mortgagee, beneficiary or assignee of the security instrument for the referenced loan. Noteholder directly or through an agent has possession of the promissory note and the promissory note is either made payable to noteholder or has been duly endorsed

9. Based upon the Debtor(s) First Amended Chapter 13 Plan (at Docket No. 13, the "Plan"), the Debtor intends to cure Secured Creditor's pre-petition arrearages within the Chapter 13 Plan and is responsible for maintaining post-petition payments directly to Secured Creditor. A true and correct copy of the Chapter 13 Plan is attached hereto as Exhibit "E".

10. Charles Murden ("Co-Debtor"), is also liable on and/or has secured the aforementioned debt jointly with the Debtor(s).

11. Debtor failed to make monthly payments of principal, interest, and escrow in the amount of $1,061.93 which came due on November 1, 2025 to January 1, 2026, respectively. *See* Exhibit "F".

12. Thus, Debtor(s)' post-petition arrears total $3,185.79 less suspense balance ($126.21) for total arrears in the amount of $3,059.58 through January 31, 2026. By the time of hearing on this motion, Debtor will also be obligated to make additional monthly payments that become due beyond the period alleged above. In addition, Debtor is also responsible for related legal fees and costs in prosecution of this action.

13. As of January 13, 2026, the unpaid principal balance due under the loan documents is $106,857.46. Movant's total claim amount, itemized below, is $122,667.33. *See* Exhibit

| | |
|---|---|
| Principal Balance | $106,857.46 |
| Interest on Loan Balance for this period | $8,972.68 |

| | |
|---|---|
| Escrow Advance | $3,001.41 |
| Suspense Balance | (51,105.09) |
| Total Fees | $15.00 |
| ACCUM Late Charges | $1,171.50 |
| ACCUM NSF Charges | $40.00 |
| Recoverable Balance | $2,152.13 |
| Deferred Principal Balance | $1,562.24 |
| Total To Payoff | $122,667.33 |

14. Debtor(s)' docketed schedules list the value of the Property as $162,224.80. A true and accurate copy of Debtor(s) Schedule A/B is attached hereto as Exhibit "G".

15. Under Section 362(d)(1) of the Code, the Court shall grant relief from the automatic stay and Co-Debtor stay for "cause", which includes a lack of adequate protection of an interest in property. Sufficient "cause" for relief from the automatic stay under Section 362(d)(1) and Co-Debtor stay pursuant to 11 U.S.C. § 1301 is established where a debtor failed to make installment payments or payments due under a court-approved plan on a secured debt or where Debtor(s) have no assets or equity in the mortgaged property.

16. As set forth herein, Debtor defaulted on the instant secured obligation by failing to tender monthly post-petition installment payments when they became due.

17. Secured Creditor further provides that its acceptance of partial payments in the instant matter shall not constitute waiver of Secured Creditor's rights to pursue any present or future default in the event the partial payments are not enough to cure the entire default.

18. As a result, cause exists pursuant to 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 of the Code for this Honorable Court to grant relief from the automatic stay to allow Movant, its successors and/or assigns to pursue its state court remedies, including

the filing of an action in Mortgage Foreclosure, or if foreclosure is completed, immediately scheduling the Property for Sheriff Sale.

25-11344-djb
25-303563
MFR

19. Further, once the automatic stay is terminated, Debtor(s) will have minimal motivation to insure, preserve, or protect the collateral Property; therefore, Movant requests that the Court waive the 14-day stay period imposed by Fed.R.Bankr.P. 4001(a)(4).

**WHEREFORE,** Movant prays this Honorable Court enter an order modifying the automatic stay under 11 U.S.C. § 362(d) and 11 U.S.C. § 1301 to permit U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST to take any and all steps necessary to exercise any and all rights it may have in the collateral property described herein, gain possession of said collateral property, seek recovery of reasonable attorney fees and costs incurred in this proceeding, waive the 14-day stay imposed under Fed.R.Bankr.P. 4001(a)(4), and for any such further relief as this Honorable Court deems just and appropriate.

Date: 1/28/2026

**Robertson, Anschutz, Schneid, Crane & Partners, PLLC**
Attorneys for Movant
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7112
By: /s/ Michelle L. McGowan
Michelle L. McGowan
Email: mimcgowanAraslg.com

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| In re:<br>**Wardie Lee Murden** | **CHAPTER:** 13 |
| **Debtor** | **CASE NO.** 25-11344-djb |

### DECLARATION OF INDEBTEDNESS

Property Address:
6348 North 18th Street, Philadelphia, Pennsylvania 19141

Mortgage Servicer:
SELENE FINANCE LP

Post-petition mailing address for Debtor(s) to send payment:
Selene Finance LP, Attn: Bk Dept., 3501 Olympus Boulevard, Suite 500, Dallas, Texas 75019

Mortgagor(s)/Debtor(s):
Wardie Lee Murden

Payments are contractually due:

☒ Monthly  ☐ Semi-monthly   ☐ Bi-weekly   ☐ Other

Each Monthly Payment is comprised of:
Principal and Interest.....   $781.12
R.E. Taxes......................   $280.81
Insurance........................   $0.00
Late Charge....................   $0.00
Other..............................   $0.00    (Specify: N/A)
**TOTAL**..........................   $1,061.93

**POST-PETITION PAYMENTS** (Petition was filed on April 4, 2025)

| Arrears Due | Amount Received | Payment Amount Due | Payment Date Applied to | Amount to/from Suspense | Check Number |
|---|---|---|---|---|---|
| Arrear Due | $0.00 | $1,061.93 | November 1, 2025 | $126.21 | $0.00 |
| Arrear Due | $0.00 | $1,061.93 | December 1, 2025 | $0.00 | $0.00 |
| Arrear Due | $0.00 | $1,061.93 | January 1, 2026 | $0.00 | $0.00 |
| Total | | $3,185.79 | | $126.21 | |

[Continue on attached sheets if necessary]

TOTAL NUMBER OF POST-PETITION PAYMENTS PAST DUE: 3 as of January 13, 2026.

TOTAL AMOUNT OF POST-PETITION ARREARS: total $3,185.79, less suspense balance ($126.21), for total arrears in the amount of $3,059.58 as of January 13, 2026.

I hereby certify, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that I have examined the information in the foregoing, and have a reasonable belief that the information contained herein is true and correct.

Dated: JAN 27 2026

Selene Finance LP
Mortgage Company

_____  Christine Le
(Print Name and Title)  Bankruptcy Specialist