**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

| | |
|---|---|
| In re:<br><br>Wardie Lee Murden,<br>        Debtor.<br><br><br>U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST,<br>        Movant.<br><br>                v.<br><br>Wardie Lee Murden,<br>         Debtor/Respondent,<br><br>Charles Murden,<br>        Co-Debtor/Respondent,<br><br>Kenneth E. West,<br>        Trustee/Additional Respondent.. | Bankruptcy No. 25-11344-djb<br><br>Chapter 13<br><br>Hearing Date: February 26, 2026<br>Hearing Time: 11:00 A.M.<br>Hearing Location: 900 Market Street<br>Courtroom Number #2<br>Philadelphia, PA 19107 |

**STIPULATION RESOLVING MOTION FOR RELIEF FROM STAY**

U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST ("Secured Creditor" or "Movant"), and  Wardie Lee Murden ("Debtor"), by and through the undersigned attorneys, hereby stipulate as follows:

**I.      BACKGROUND:**

1. On December 19, 2007, Wardie L. Murden executed and delivered a Promissory Note ("Note") and Mortgage ("Mortgage") securing payment of the Note in the amount of $107,843.00.

2. The Mortgage was recorded on January 15, 2008, with the Philadelphia County Recorder of Deeds.

3. The Mortgage was secured as a lien against the real property located in Philadelphia County commonly known as 6348 North 18th Street, Philadelphia, Pennsylvania 19141 (the "Property").

4. The Note and Mortgage were last assigned to U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST.

5. As of January 28, 2026, the date of the filing of the Motion for Relief, Debtor failed to make the monthly post-petition payments of principal, interest, and escrow to Secured Creditor in the amount of $1,061.93 which came due on November 1, 2025, December 1, 2025, and January 1, 2026, respectively.

6. Debtor'(s) post-petition arrearage totaled the sum of $3,185.79, less a suspense balance ($126.21) for total arrears in the amount of $3,059.58 through January 31, 2026.

7. Debtor acknowledges that additional payments of principal, interest and escrow currently in the amount of $1,061.93 per month shall become due under the Note and Mortgage on the first (1st) of each successive month, beginning May 1, 2026 until the Note is paid in full. Debtor acknowledges that the monthly payment is subject to change and remains responsible for same.

8. U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, and Debtor desire to resolve Debtor's post-petition arrears in accordance with the terms set forth below:

II.    **STIPULATION FOR RELIEF FROM STAY**

9. Debtor confirms and acknowledges his financial obligations to U.S. BANK TRUST NATIONAL

ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST under the Note and Mortgage.

10. Debtor further confirms and acknowledges his failure to make post-petition payments of principal, interest and escrow in the amount of post-petition arrearage as set forth in Paragraphs 5 and 6 above.

11. Debtor further confirms and acknowledges his obligation and agrees to make regular post-petition payments of principal, interest and escrow going forward from May 1, 2026 as set forth in Paragraph 7 above.

12. Debtor has since cured the post-petition arrearage of $3,059.58 and additionally made payments due for the period February 1, 2026 through April 1, 2026.

13. In the event that Debtor converts to a Chapter 7 bankruptcy during the pendency of this bankruptcy case, the Debtor(s) shall cure the pre-petition and post-petition arrears within fifteen (15) days from date of conversion. Should the Debtor fail to cure the arrears, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, will issue and serve upon Debtor's attorney written notification of default ("Notice") of this Stipulation. If the default is not cured within ten (10) days of the Notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, may file a Certification of Default with the Bankruptcy Court ("Court") and the Court shall enter an Order granting relief from the Automatic Stay.

14. In the event the Debtor defaults on his obligations under this Stipulation by failing to comply with the provisions as set forth above in Paragraph 11 and/or tender in full any of the payments described in Paragraph 12, on or before the dates upon which they are due, then U.S. BANK

TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, its successors and/or assigns shall serve attorney for the Debtor via facsimile, electronic mail, and/or First Class Mail, postage prepaid, with written notification of the default.  In the event that Debtor fails to cure the default within fifteen (15) days of the date of the Notice, then, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, or its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation without further notice to Debtor or the Order of this Court.  If Movant is required to issue a Notice of Default, the Debtor shall pay $125.00 per Notice, as attorney fees, in addition to all funds required to fully cure the default prior to the expiration of the allowed cure period.

15. In addition, Debtor agrees that he is not permitted more than two (2) defaults from the date of this Stipulation.  Debtor agrees that if he defaults under the terms of this Stipulation more than two (2) times, then, without further notice, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, its successors and/or assigns may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay, where upon U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, its successors and/or assigns may exercise its rights against the mortgaged property under the terms of this Stipulation.

16. Neither U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST's consent to this Stipulation nor U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST's acceptance of any payments tendered by or on behalf of Debtor shall be construed as a waiver of U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST's right to proceed with or commence a foreclosure other legal action against Debtor under this Stipulation.  However, U.S. BANK TRUST NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS OWNER TRUSTEE FOR RCAF ACQUISITION TRUST, agrees to credit the mortgage account of Debtor for all payments made in accordance with this Stipulation, the Note and/or Mortgage.

17. This Stipulation may only be modified by a revised Stipulation filed on the docket in the U.S. Bankruptcy Court ("Court").  No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation as filed on the docket in the Bankruptcy Court.

BALANCE OF PAGE LEFT BLANK

18. Debtor hereby certifies and confirms that he reviewed the terms of the Stipulation with his attorney, understands and agrees with the terms of this Stipulation, and authorizes his attorney to execute this Stipulation on his behalf.

IT IS HEREBY STIPULATED:

By: /s/ Sherri R. Dicks                              Date: 5/5/2026
SHERRI R. DICKS
Robertson, Anschutz, Schneid, Crane & Partners, PLLC
PA Bar No. 90600
13010 Morris Rd., Suite 450
Alpharetta, GA 30004
Telephone: 470-321-7113
Email: sdicks@raslg.com
Attorneys for Movant


/s/ Michael A. Cibik          _with express permission   Date: 5/7/2026
**MICHAEL A. CIBIK**
Cibik Law, P.C.
1500 Walnut Street
Suite 900
Philadelphia, PA 19102
215-735-1060
Email: help@cibiklaw.com


NO OPPOSITION:

/s/ LeeAne O. Huggins          *with express permission*   Date: May 13, 2026
**KENNETH E. WEST**
Chapter 13 Standing Trustee
190 N. Independence Mall West
Suite 701
Philadelphia, PA 19106
215-627-1377
Fax : 215-627-6299
Email: ecfemails@ph13trustee.com